LINCOLN JOINT STOCK LAND BANK, APPELLEE, V. GEORGE ERNEST LEBO ET AL., APPELLANTS.

FILED MAY 26, 1936. No. 29647.

*Fisher & Fisher,* for appellants.

*Fred M. Deweese* and *Nichols & Johnson, contra.*

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and FITZGERALD, District Judge.

FITZGERALD, District Judge.

This is an action to foreclose a mortgage, and from a decree for plaintiff, and order of sale and writ of assistance, defendants Lebo appeal to this court.

About February 16, 1927, defendant George Ernest Lebo and his wife, Eva May Lebo, executed their note in which they agreed to pay plaintiff $2,000, with interest at 5¾ per cent., payable semiannually, with a small payment on the principal. The interest and principal payable semiannually amounted to $64. The first semiannual payment was due September 1, 1927, and the last payment on March 1, 1967, would amount to a balance of $107.94. The note provided for interest at the rate of 8 per cent. on all items in default. At the same time the defendants Lebo executed a mortgage on the north half of the northeast quarter of section 25, township 33, range 48, in Dawes county, Nebraska, as security for said note. This mortgage was duly acknowledged by both George Ernest Lebo and Eva May Lebo, and delivered to plaintiff herein.

On February 23, 1927, defendants Lebo executed and delivered to defendant Live Stock National Bank of Omaha, Nebraska, a second mortgage in the sum of $1,380 on the same property. On January 17, 1933, defendant Atlas

Lumber Company obtained a judgment in the sum of $362.88 against the defendant George Ernest Lebo, which judgment appears of record in the district court for Dawes county, Nebraska, and other parties are made defendant for the purpose of protecting the title.

Defendants Live Stock National Bank and Atlas Lumber Company filed answers and cross-petitions.

It appears that payments were made on the Lebo note up to March 1, 1933, at which time default was made to the extent of $64 and that no payment has been made since that time, and the insurance and taxes have been allowed to go unpaid by defendants Lebo, and this action was started March 10, 1934, and the decree entered April 20, 1935.

The record is very brief in this case, and we find no prejudicial error in the rulings of the trial court. The chief complaint of defendants Lebo is the court's refusal to grant a continuance so that the mortgagors might refinance. This is a matter resting in the discretion of the trial court, and the record reveals no abuse of that discretion.

Defendants contend, and plaintiff tacitly admits, that the amount in the decree is excessive in the sum of $103.74. This court is of the opinion that the decree is excessive to the extent of $103.74, and orders a remittitur within 20 days of that amount. If plaintiff files a remittitur within 20 days, the decree of the trial court will be affirmed. If plaintiff fails to file such remittitur, the decree will be reversed and remanded for further proceedings.

AFFIRMED ON CONDITION.